RICHARD HUTCHINSON *versus* INHABITANTS OF GREENBUSH.

A return of satisfaction, made upon an execution by an officer, will not bar an action of debt on the judgment, if it be proved that, in fact, no such satisfaction was made.

DEBT on a judgment recovered before a justice of the peace. The action was referred. The referee made an alternative award, and reported the following to be the facts, viz : —

" After a part payment was made on the execution it was placed in the hands of an officer, and the officer indorsed thereon over his official signature, as follows : —

" Penobscot, ss. May 12, 1840. Received the amount of this execution, and discharge the same in full, and all fees."

" Under that return the plaintiff's attorney indorsed over his signature, — " Received by town order." From evidence introduced by the defendants, it appeared that the officer received from the treasurer, in discharge of the execution, not money, but an unnegotiable town order, payable to one Ballard, drawn by the selectmen of Greenbush upon the treasurer ; that the order had then already been paid to Ballard, and taken up by the treasurer ; that it was reissued on that occasion, by order of the selectmen ; that the plaintiff's attorney authorized the officer to take pay in a town order ; that eight years after receiving said order, the officer, without leave of Court, altered his return so that it showed the payment to have been made by a town order."

The referee awarded in favor of the plaintiff, unless the Court should consider the foregoing facts to make out a defence ; otherwise in favor of the defendant.

Upon that report, the District Court, ALLEN, J. decided that the plaintiff was entitled to recover, and the defendant excepted.

*Ingersoll*, for defendants.

1. The return of the officer, as originally made, is conclusive between the parties, and is a discharge of the judgment. It is a return between debtor and creditor. *Lawrence* v. *Pond*, 17 Mass. 433 ; *Bott* v. *Burnell*, 11 Mass. 463 ; *Whitaker* v. *Sumner*, 7 Pick. 551, and authorities there cited.

2. The amendment by the officer at the time of the trial before the referee, is void ; because it was made without the authority of the Court that issued the execution, and nearly eight years after the original return, and when the precept had been many years out of his possession, and when made, the officer was out of office. An amendment of an officer's return, must be authorized by law, to make it valid. In this case, there was no authority to make it. It was not an *official act*, for which he could be made liable. All official authority ceased when he made his return and handed over the execution to the plaintiff's attorney, and went out of office himself. *Welsh* v. *Joy*, 13 Pick. 477.

3. If the amendment is considered a part of the return, the whole taken together, shows the execution satisfied and discharged. The officer took the town order by the authority of the plaintiff's attorney, and discharged the execution. It matters not whether the order is of much or little value ; it was taken, and the execution discharged ; the plaintiff's remedy is on the officer, if any, for not getting an order he could enforce against the town.

*S. H. Blake*, for the plaintiff.

WELLS, J. orally. — The question is merely, whether an action of debt on judgment can be maintained, after a return made by the officer of a full satisfaction of the execution, when in fact no such satisfaction was received. The facts here go behind the return, and prove that the return was erroneous, and these facts are introduced by the defendants.

*Judgment on the report for the plaintiff.*